UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILBUR PITTMAN,<br><br>          Petitioner,<br><br>     v.<br><br>CORRECTION OFFICER PEARSON, et al.,<br><br>          Respondents. | No. CV 09-1360-AG (PLA)<br><br>**ORDER RE: SUMMARY DISMISSAL OF ACTION** |

      On February 26, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under to 28 U.S.C. § 2254. Thereafter, petitioner submitted a First Amended Petition ("Amended Petition"). As far as the Court can discern, petitioner is alleging that respondent has refused to respond to petitioner's complaints. (See Amended Petition at 6-9).

      On March 2, 2009, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of Action. Petitioner was advised that a review of the filings indicated that he had failed to state a claim on which habeas relief could be granted and failed to exhaust his available state remedies. He was ordered to show cause why this action should not be summarily dismissed for these reasons.

      In his Order, the Magistrate Judge explained that Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody

1  pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the
2  Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). However, claims
3  directed to the conditions of petitioner's confinement may not properly be asserted in a habeas
4  petition, or as part of a habeas petition. See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez,
5  411 U.S. 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Rather, such claims must be
6  asserted in a separate civil rights action. See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979)
7  ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement.").
8  If a prisoner is challenging the conditions of his confinement rather than the fact of confinement,
9  his remedy is under the civil rights laws. See Hansen v. May, 502 F.2d 728, 729-30 (9th Cir.
10 1974); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings
11 are the proper mechanism for a prisoner to challenge the legality or duration of confinement.");
12 Hartman v. Summers, 878 F. Supp. 1335, 1347 n.15 (C.D. Cal. 1995) (when a petitioner's
13 complaint is regarding the conditions of confinement, it is more appropriately raised in a civil rights
14 action).

15      It is far from clear from the face of petitioner's filings if he is challenging the legality of his
16 conviction, or otherwise claiming to be in custody in violation of the Constitution or laws or treaties
17 of the United States. Although the supporting facts provided by petitioner in the Amended Petition
18 are largely unintelligible, petitioner appears to be challenging correction officer D. Pearson's
19 refusal to respond to the "602 complaints" that petitioner allegedly submitted to the California
20 Department of Corrections and Rehabilitation. Such an allegation does not appear to be a
21 challenge to petitioner's underlying conviction. As such, petitioner's filings do not appear to state
22 any claims for habeas relief.

23      Neither do petitioner's filings include information from which the Court could determine
24 whether petitioner has exhausted the available state judicial remedies. Even assuming that he
25 is attempting, albeit deficiently, to present a challenge to his conviction, and as explained by the
26 Magistrate Judge in his Order, as a matter of comity, a federal court will not entertain a habeas
27 corpus petition unless the petitioner has exhausted the available state judicial remedies on every
28

ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, fn.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845.

A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); see also Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dept of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, it appears that petitioner has not exhausted his state judicial remedies in connection with this matter. (See Petition at 3, 5-6; see also Amended Petition at 2-4, 6-9). Although petitioner in the Amended Petition indicated that he raised the grounds presented therein in the California Supreme Court, he also asserted that he did not file a direct appeal from his conviction, or file a habeas petition in the California Supreme Court. In any event, the responses provided by petitioner regarding any such proceeding are unclear and incomplete. (See Amended Petition 2, 4, 6-9). As petitioner's habeas challenge

1 appears to be unexhausted, it is subject to dismissal without prejudice. See 28 U.S.C. § 2254(b)(1).

Petitioner was given until March 23, 2009, to show cause why this action should not be summarily dismissed for failure to state a claim on which habeas relief could be granted, and failure to exhaust the available state judicial remedies. Petitioner was further advised that failure to respond to the Order by March 23, 2009, would result in the summary dismissal of this action. Petitioner has not filed a response to the Order to Show Cause, and his time for doing so has expired.[1]

In light of the foregoing, the Court finds that dismissal of this action is appropriate on the basis that petitioner has failed to state a claim on which habeas relief could be granted and has not exhausted available state judicial remedies. IT IS THEREFORE ORDERED that this action is **dismissed without prejudice**.

DATED: April 22, 2009

_____
HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[1] On March 10, 2009, petitioner submitted a Second Amended Petition for Writ of Habeas Corpus ("SAP"). The Court rejected the SAP because petitioner did not seek leave of the Court to amend his Amended Petition, and petitioner signed the SAP under penalty of perjury on a date that had not yet occurred. See Notice of Discrepancy, issued on March 10, 2009. Although the SAP was not filed, the Court notes that petitioner expressly stated in the SAP, in response to the section where he was required to provide the name and location of the court that entered the judgment of conviction under attack in his habeas petition, that "[t]his matter is in 'no' judgment of conviction." See attachments to Notice of Discrepancy, issued on March 10, 2009. This further supports the dismissal of this action as not containing a proper habeas claim. Since March 10, 2009, when petitioner was notified that his SAP was being rejected, petitioner has had no contact with the Court.